UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SARKISSIAN MASON, INC., a Michigan
corporation, and AUTOMATIC, LLC, a Delaware
Limited Liability Company,

               Plaintiffs,

               v.

ENTERPRISE HOLDINGS, INC., a Missouri
corporation,

               Defendant.

------------------------------------------------------------x

Case No. 11 CV 9472 (LGS)
Hon. Lorna G. Schofield

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT ENTERPRISE
HOLDING INC.'S OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

# I.  INTRODUCTION

Defendant Enterprise Holdings, Inc. ("EHI") has now submitted 40 pages of Motions and Briefs, 20 pages of affidavits, 38 exhibits, 79 allegedly undisputed facts, and 119 evidentiary objections, all advancing the same argument: that no genuine issues of material facts exist to be tried in this matter. Defendant has objected to nearly all of the testimony and evidence relied on by Plaintiffs in support of their Opposition Brief and Counter-Statement of Facts. In reality, Defendant's so-called objections are a restatement of its legal and factual arguments, barely disguised in order to expand Defendant's argument beyond the page limits of its briefing. The majority of its objections do not even address whether the information contained in Plaintiffs' materials could be admissible at trial, as is required under the Rules, and they should, therefore, be overruled in their entirety. As established at length below, all of Plaintiffs' summary judgment evidence could be presented at trial in an admissible form. And, even if any of Defendant's objections are sustained (which they should not), Defendant would still not be entitled to Summary Judgment.

# II.  STANDARD OF REVIEW

Subsection (c)(2) was added to Federal Rule of Civil Procedure 56 in 2010 to provide that: "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." The 2010 Advisory Committee's Note provides the following limited explanation of the new Rule:

> Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. There is no need to make a separate motion to strike. If the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial.

The admission of evidence for consideration at the summary judgment stage is at the discretion of the district court. *Gannon Intern., Ltd. v. Blocker*, 684 F.3d 785, 793 (8th Cir. 2012). Rule 56(c)(1)(A) allows a party opposing a summary judgment motion to cite to materials in the record including, among other things, "depositions, documents, electronically stored information, affidavits or declarations" and the like. Fed. R. Civ. P. 56(c)(1)(A); *Foreword Magazine, Inc. v. OverDrive, Inc.*, 2011 WL 5169384, *1-2 (W.D. Mich. Oct. 31, 2011).

The legal standard under Rule 56(c)(2) is *not* whether the evidence at the summary judgment stage would be admissible at trial, but whether it *could be* presented at trial in an admissible form. *Gannon Intern.,* 684 F.3d at 793. Said another way, the objection contemplated by new Rule 56(c)(2) is not that the material "has not" been submitted in admissible form, but that it "cannot" be. *Foreword Magazine*, 2011 WL 5169384 at *1-2. Even if the non-moving party's evidence is presented in a form that is currently inadmissible, such evidence may be evaluated on a motion for summary judgment so long as the moving party's objections could be cured at trial. *Gaub v. Professional Hosp. Supply, Inc.*, 845 F.Supp. 2d 1118, 1127 (D. Idaho 2012). Rule 56(c)(2) focuses on the admissibility of the evidence's *content*, not its form. *Sobel v. Hertz Corp.*, -- F.R.D. --, 2013 WL 1182209, *3 (D. Nev. Mar. 21, 2013).

The objecting party has the burden of stating why the information contained in the materials *could not have* been presented in an admissible form at trial. *See Gannon Intern.*, 684 F.3d at 793. Once Defendant objects to the admissibility of Plaintiffs' evidence, Plaintiffs are entitled to an opportunity to show the material is admissible as presented or to explain the admissible form that is anticipated at trial. *See* Rule 56(c)(2) & (e)(1); Fed. R. Civ. P. 56, advisory committee's note (2010). The Rule therefore provides a multi-step process by which a proponent may submit evidence, subject to objection by the opponent and an opportunity for the

proponent to either authenticate the document or propose a method to doing so at trial.[1] *Foreword Magazine*, 2011 WL 5169384 at *1-2.

### III. PLAINTIFFS' GENERAL RESPONSES TO DEFENDANT'S OBJECTIONS

#### A. Relevance, Speculation, Legal Conclusion, and Argument

Forty-three of Defendant's objections are based on an alleged lack of relevance under Fed. R. Evid. 402. (*See* Def.'s Objections #1-17, 19-26, 29, 31-36, 38-39, 42-46, 48, 52-53, 56)[2] Three are based on Speculation. (*Id.* at #10, 16, 48)  Seven are based on Legal Conclusion and Argument.  (*Id.* at #14, 27, 28, 30, 49, 52, 55)  All of these objections actually prove that there are genuine issues of fact in this case.

Objections that the evidence is irrelevant, speculative, argumentative, vague and ambiguous, or constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself. *Gaub*, 845 F.Supp.2d at 1128. A court cannot rely on irrelevant facts, and thus relevance objections are redundant. *Id.*  Relevance objections do not directly relate to the admissibility of the evidence, but are merely routine disagreements regarding the inferences to draw from the evidence or competing versions of the same events in question and should be articulated in the briefs rather than fashioned into evidentiary objections under Rule 56(c)(2). *See Brooks v. Arthur*, No. 6:08–CV–00028, 2011 WL 3102791, *7 (W.D.Va. July 26, 2011). Objections on any of these grounds are superfluous, and the court should overrule them. *Gaub*,

---

[1]  Defendant's surfeit of "objections" is of no practical use for the Court's summary judgment analysis. Other courts have questioned the merit of the process under Rule 56(c)(2). *Foreword Magazine*, 2011 WL 5169384 at *1-2 ("One may legitimately wonder whether the 2010 amendments represent an improvement in summary judgment procedure."); *Contract Associates Office Interiors, Inc. v. Ruiter*, No. Civ.. 07-0334, 2008 WL 2916383, *1 (E.D.Cal. July 28, 2008) ("In spite of the court's optimism that this process would catalyze resolution of the evidentiary objections, it seems to have only resulted in an exacerbation of the disputes.")

[2] Defendant does not number its objections in its filing dated April 1, 2013 (ECF #53). However for ease of reference, Plaintiffs has numbered each objection in this Response. *See* Plaintiffs' Specific Responses to Defendant's Objections, *infra*.

845 F.Supp.2d at 1128.

## B.   Misstatement of Testimony or Evidence

Twenty of Defendant's objections are accusations that Plaintiffs "misstated" the testimony of the parties or the documentary evidence.  (*See* Def.'s Objections #15, 17, 18, 21, 22, 24-27, 29, 30, 31, 40-46, 56) Defendant does not provide any authority for any of its misstatement objections. As with Defendant's relevancy objections, these objections actually serve to establish that there are genuine issues of fact in this case.  They are aimed only at Plaintiffs' characterizations rather than the actual underlying evidence, thus are not evidentiary objections to be considered by the Court.  *Contract Associates*, 2008 WL 2916383 at *2, 5.  If a party's factual statement clearly misstates or distorts the underlying evidence, then it is immaterial to the court's summary judgment analysis, and the evidentiary objection need not be considered.  *Id*.  Factual arguments should be articulated in the briefs as to the materiality of the facts rather than brought as evidentiary objections under Rule 56(c)(2).  *Id.*

## C.   Hearsay

Fifteen of Defendant's objections are based on Hearsay under Fed. R. Evid. 801.  (*See* Def.'s Objections #2, 6, 16, 37, 38, 41, 43, 47, 48, 49, 50, 51, 52, 54, & 55)   Hearsay evidence is classically defined as an out of court statement offered for the truth of the matter asserted and is inadmissible unless it is defined as non-hearsay or it falls within a hearsay exception. Fed. R. Evid. 801; Fed. R. Evid. 803; *Sobel*, 2013 WL 1182209 at *3; *Foreword Magazine*, 2011 WL 5169384 at *4.  Defendant does not provide a careful analysis of its hearsay objections, but merely raises its objection in cursory fashion, making it almost impossible to address them fully. *See Foreword Magazine*, 2011 WL 5169384 at *4 ("To the extent that the grounds supporting this objection are intelligible, they lack merit ...."). As described in detail below, all of Plaintiffs' asserted evidence are either: offered for a purpose other than to prove the truth of the

matter asserted (Fed. R. Evid. 801(c)); an opposing party's statement or a statement by the opposing party's agent, and so excluded from the definition of hearsay under Fed. R. Evid. 801(d)(2) (*Sobel*, 2013 WL 1182209 at *3); or within the hearsay exceptions for evidence of impressions, state of mind, memory, or belief under Fed. R. Evid. 803(1) or (3).

## D.  __Authentication__

Seven of Defendant's objections are based on Lack of Authentication under Fed. R. Evid. 901. (*See* Def.'s Objections #37, 38, 43, 44, 45, 46, & 56; *see also* respective Pls.' Exs. # 11, 12, 20, 21, 22, 24, & 34)  "[S]ubmission of unauthenticated exhibits is not a violation of any express obligation imposed by the [Federal] Rules." *Foreword Magazine*, 2011 WL 5169384 at *2. Whether evidence is authentic is governed by Fed. R. Evid. 104(b). *Id.* at *3. The District Court must first determine whether the proponent of the evidence has offered a satisfactory foundation from which the jury could reasonably find that the evidence is authentic. *Id.* Because authentication is a question of conditional relevancy, the jury will ultimately resolve whether the evidence admitted for its consideration is what the proponent claims. *Id.* Thus, a party seeking to admit an exhibit at the summary judgment stage need only make a *prima facie* showing that it is what the proponent claims it to be. *Id.*; Fed. R. Evid.  901(a).  Here, Plaintiffs' documentary evidence has either already been authenticated by deposition testimony of a witness with knowledge that the matter is what it claims to be (Pls.' Exs. #11, 12, 21, 22, 24) or could be authenticated by a competent witness at trial (Pls.' Ex. #20, 34).  *See* Fed. R. Evid. 901(b)(1); *see also Foreword Magazine*, 2011 WL 5169384 at *3 (witness testimony authenticating correspondence sent by the witness is sufficient.).

## E.  __Expert Reports__

Defendant makes 14 objections to the deposition testimony and the expert reports of Plaintiffs' mobile marketing expert, Nils von Zelowitz, Plaintiffs' damages expert, Mauricio

Kohn, and even to its own damages rebuttal expert, Paul Regan. (*See* Def.'s Objections #27-32, 47-52, 54-55)  If Defendant has any meritorious objections to the admissibility of the testimony and/or reports of Plaintiffs' experts, they should properly be addressed pursuant to Rule 702. Under Rule 702, an expert's testimony is admissible if her specialized knowledge "will help the trier of fact to understand the evidence or to determine a fact in issue[.]" Fed. R. Evid. 702(a). Rule 702 favors admitting an expert's testimony when the testimony will assist the trier of fact. *Clark v. Heidrick*, 150 F.3d 912, 915 (8th Cir. 1998); *Hurst v. United States*, 882 F.2d 306, 311 (8th Cir. 1989) ("A trial court should exclude an expert opinion only if it is so fundamentally unsupported that it cannot help the fact finder."); *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) ("The rule clearly is one of admissibility rather than exclusion.").  Questions regarding whether an expert's testimony should generally be resolved in favor of admitting the testimony. *Clark*, 150 F.3d at 915.

Moreover, experts can express opinions "so long as there are sufficient facts already in evidence or disclosed by the witness as a result of her investigation to take such expert opinion testimony out of the realm of guesswork and speculation." *Hurst*, 882 F.2d at 311. Indeed, courts have routinely held that expert opinion based on testimony and evidence in a case provides a sufficient basis for admissibility. In *Hurst*, for example, the Eighth Circuit held that an expert's review of several documents in evidence and the testimony of prior witnesses, as well as a visit to the site of property damage, provided a sufficient factual basis for the expert's testimony. *Id.*; *see also Ray v. Wal-Mart Stores, Inc.*, 120 F.3d 882, 885 (8th Cir. 1997) (holding expert opinion admissible when based in part on testimony of witnesses in case); *Hanson v. Mut. Of Omaha Ins. Co.*, No. civ. 01-4238-KES, 2003 WL 26093254, at *6 (D.S.D. April 29, 2003) (holding review of relevant documents and assessment of testimony in case provide reliable basis for expert

opinion). "[T]he factual basis of an expert opinion generally goes to the credibility of testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Ray*, 120 F.3d at 885. A party's mere disagreement with an expert's conclusions is insufficient to render the expert's opinions inadmissible. *Bd. of Trs. of the AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, No. 09 Civ. 686(SAS), 2011 WL 6288415, at *12 (S.D.N.Y. Dec. 15, 2011).

Expert reports may generally be considered at the summary judgment stage. In *Cleveland Clinic Health Sys.-E. Region v. Innovative Placements, Inc.*, 1:11-CV-2074, 2012 WL 1945609, *1 (N.D. Ohio May 30, 2012), the court was presented with competing summary judgment motions. The defendant sought to strike the expert report of a Cleveland Clinic nurse and exclude her as an expert witness.[3] The court held that the nurse was a qualified expert and that it would consider both her expert report and testimony. *Id*. at *2.

The only case referenced by Defendant that actually addresses the admission of expert reports at the summary judgment stage, *Fowle v. C & C Cola*, 868 F.2d 59, 67 (3rd Cir. 1989), is inapplicable to the expert reports offered on the instant motion. In *Fowle*, the plaintiff attempted to support its summary judgment response with an expert report by attaching it to an affidavit submitted by plaintiff's counsel. The court, despite noting that "evidence should not be excluded on summary judgment on hypertechnical grounds," held that the report had not been sworn by the expert, and therefore was hearsay and would not be considered. However, no such scenario exists in the instant case. Here, the proffered expert reports were signed by the experts who prepared them and authenticated at their depositions. *See Beaumont Pres. Partners, LLC v. Int'l*

---

[3] The court clarified that a motion to strike was improper, and should instead be considered a 56(c)(2) objection. The court considered the merits even though it was filed after the court's scheduling deadline.

*Catastrophe Ins. Managers, LLC,* 1:10-CV-548, 2011 WL 6707287, *5 (E.D. Tex. Oct. 6, 2011) (court considered expert reports at summary judgment stage where properly authenticated).

Of course, the proper vehicle for EHI's objections to the admissibility of expert testimony is a *Daubert* motion and hearing, allowing Plaintiffs an adequate opportunity to brief and be heard on the issue of whether their expert testimony should be excluded. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). The court's role is *not* to weigh the credibility of an expert's testimony. Rather, the opponent of the proffered testimony should expose claimed weaknesses through cross-examination. *See, id.* "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert,* 509 U.S. at 596; *see Hurst*, 882 F.2d at 311 (affirming admission of expert testimony, noting plaintiffs fully developed expert's weaknesses in cross examination).

## Defendant's Specific Objections

**Hearsay.** Defendant's objections that the expert reports are inadmissible hearsay where the expert is expected to testify at trial is nonsensical at the summary judgment stage; it is understood that the experts will testify at trial as to the substance of their opinions. Tellingly, *Aktas v. JMC Development Co., Inc.*, 2013 WL 55827, *5 (N.D.N.Y., Jan. 3, 2013), and the cases it cites (which Defendant relies on for this objection) were considering motions *in limine* prior to trial, not summary judgment evidence. Because Rule 56(c)(2) is concerned with substance, not form, the contents of the reports and the deposition testimony, which were sworn to by the experts in their depositions, are acceptable evidence to consider on summary judgment because the same testimony will be presented at trial in an admissible form: live testimony from Plaintiffs' experts.

**Improper Expert Opinion.** Though not elucidated by Defendant, this objection is based upon an assertion that a witness does not possess the skill or expertise to be admitted as an expert. However, here, the *curricula vitae* of the proffered experts are attached to their reports, demonstrating that they are qualified experts in the field for which they offer their opinions. *Beaumont Pres. Partners, LLC,* 2011 WL 6707287, *5 (experts properly qualified where *curricula vitae* showing expertise were attached).

**Improper Legal Conclusions.** Defendant relies on *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994), to support its position. However, that case arose on appeal of a criminal conviction, not a summary judgment motion. Therefore, the court's examination of the issue did not use the same Rule 56(c)(2) standard that must be used by this Court. There, the court stated that the purpose of excluding an expert's improper legal conclusions is to prevent the usurpation of the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it. *Id.* at 101. At the summary judgment stage, there is no danger of such usurpation, therefore the expert reports should be considered.

**Unsupported and/or Unreasonable Expert Opinion.** Defendant relies on the case of *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993), to support these objections. However, once again, that case did not arise at the summary judgment stage. Rather, it arose on appeal of the trial judge's grant of judgment notwithstanding the verdict. Therefore, the court's examination of the issue did not use the Rule 56(c)(2) standard. There, the court held that there were indisputable record facts that contradicted and made an expert opinion unreasonable such that a jury verdict could not be supported by that opinion. Moreover, on the instant summary judgment motion, a jury verdict does not exist or rest on the proffered expert reports. At this stage, there are no "indisputable facts" that contradict the expert reports. Though

Defendant's objection implicitly asserts there are, Defendant does not name one indisputable fact nor demonstrate its indisputable quality. As such, "[t]o the extent that [Defendant] challenges inconsistencies within the reports and with the other summary judgment evidence, such challenges go to the weight of the reports rather than their admissibility." *Beaumont Pres. Partners, LLC,* 2011 WL 6707287, *5. Therefore, the expert reports should be considered.

## IV.    PLAINTIFFS' SPECIFIC RESPONSES TO DEFENDANT'S OBJECTIONS

### A.    Excerpts from Deposition of Patrick Sarkissian (Ex. 1 to Wojnar-Raycraft Decl.)

**OBJECTION 1.**     Page/Line: 22:2-24:23; 33:5-25; 120:4-121:12 (cited Opp'n at 4; Counter-Stmt., ¶81); Defendant's Objection: Lack of Relevance (Fed. R. Evid. 402).

**PLAINTIFFS' RESPONSE:**    Exhibit 1 is a true and correct copy of excerpts of the transcript of the deposition of Patrick Sarkissian taken on April 12 and May 10, 2012. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. Mr. Sarkissian's testimony is probative as to whether EHI had already formulated Plaintiffs' concept before it was presented to EHI by Plaintiffs. Whether EHI had a legal duty to disclose if it already had formulated the same concept is not at issue.

**OBJECTION 2.**     Page/Line: 24:10-16 (cited Opp'n at 13; Counter-Stmt., ¶33); Defendant's Objections: Hearsay (Fed. R. Evid. 802); Lack of Relevance (Fed. R. Evid. 402).

**PLAINTIFFS' RESPONSE:**    *See* Plaintiffs' Response #1. As to Defendant's Hearsay Objection, *see* Plaintiffs' discussion regarding same at pp. 4-5, *supra*. Mr. Sarkissian's testimony is not hearsay because it is offered to prove that Jeff Morrell made the statement to Mr. Sarkissian, not whether Mr. Morrell knew what a QR Code was (Fed. R. Evid. 801(c)); is excluded from the definition of hearsay as a statement by the opposing party's agent (Fed. R. Evid. 801(d)(2)(D)); and falls with the hearsay exceptions for present sense impression (Fed. R. Evid. 803(1)) or then existing state of mind (Fed. R. Evid. 803(3)). As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*, and Plaintiffs' Response #1. The remainder of Defendant's objection is inappropriate legal argument, not an evidentiary objection, and has been addressed in the parties' briefs. In any event, Mr. Howell did not think of using QR Codes for a mobile engagement/buying service concept.

**OBJECTION 3.**     Page/Line: 33:10-25 (cited Counter-Stmt., ¶34); Defendant's Objection: Lack of Relevance (Fed. R. Evid. 402).

**PLAINTIFFS' RESPONSE**: *See* Plaintiffs' Response #1. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at pp. 3-4, *supra*. Mr. Sarkissian's testimony is probative to the fact that EHI was never able to put together the individual elements into a mobile engagement concept on its own. The remainder of Defendant's objection is inappropriate legal argument, not an evidentiary objection, and has been addressed in the parties' briefs.

**OBJECTION 4.**     Page/Line: 75:9-76:9 (cited Counter-Stmt., ¶11); Defendant's Objection: Lack of Relevance (Fed. R. Evid. 402).

**PLAINTIFFS' RESPONSE**: *See* Plaintiffs' Response #1. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. Mr. Sarkissian's testimony is probative as to his understanding of the status of the negotiations of the draft Strategic Relationship Agreement ("SRA") and EHI's intentions regarding the use of Plaintiffs' concept. The remainder of Defendant's objection related to the unsigned SRA is inappropriate legal argument, not an evidentiary objection, and has been addressed in the parties' briefs.

**OBJECTION 5.**     Page/Line: 76:12-14; 135:9- 136:13 (cited Opp'n at 6; Counter-Stmt., ¶90); Defendant's Objection:  Lack of Relevance (Fed. R. Evid. 402).

**PLAINTIFFS' RESPONSE:** *See* Plaintiffs' Response #1. As to the Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*, and Plaintiffs' Response #4.

**OBJECTION 6.**     Page/Line: 92:9-93:25; 95:1- 99:25 (cited Opp'n at 15; Counter-Stmt., ¶50); Defendant's Objections:  Hearsay (Fed. R. Evid. 802); Lack of Relevance (Fed. R. Evid. 402).

**PLAINTIFFS' RESPONSE:** *See* Plaintiffs' Response #1. As to Defendant's Hearsay Objection, *see* Plaintiffs' discussion regarding same at pp. 4-5, *supra*. Mr. Sarkissian's testimony falls with the hearsay exception for then existing state of mind (Fed. R. Evid. 803(3)).  As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. Mr. Sarkissian's testimony is probative as to his belief regarding the confidentiality of Plaintiffs' concept and his efforts to preserve its confidentiality.

**OBJECTION 7.**     Page/Line:  100:15-101:17 (cited Opp'n at 5; Counter-Stmt., ¶18);

Defendant's Objection: Lack of Relevance (Fed. R. Evid. 402).

**PLAINTIFFS' RESPONSE:** *See* Plaintiffs' Response #1. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. Mr. Sarkissian's testimony is probative as to his reluctance to solicit OEMs without a contract in place with EHI for Plaintiffs' concept.

**OBJECTION 8.**  Page/Line:  115:2-118:17;  347:1- 25  (cited  Counter-Stmt.,  ¶49e);
Defendant's Objection: Lack of Relevance (Fed. R. Evid. 402).

**PLAINTIFFS' RESPONSE:**  *See* Plaintiffs' Response #1. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. Mr. Sarkissian's testimony is probative as to where EHI's idea for OnRamp originated and the equivalence between OnRamp and Plaintiffs' mobile engagement concept. As to Defendant's inappropriate legal argument related to using QR codes, it is the expert opinion of Mr. von Zelowitz that it was "the sum of the parts" that constituted Plaintiffs' mobile engagement concept and that EHI never understood "the totality of the idea" before it was presented by Plaintiffs.  (Pl.'s Ex. 29: von Zelowitz Dep. at 108-09, 229, 232)

**OBJECTION 9.**  Page/Line:  150:5-151:21  (cited  Opp'n  at  16;  Counter-Stmt.,  ¶16);
Defendant's Objection: Lack of Relevance (Fed. R. Evid. 402).

**PLAINTIFFS' RESPONSE:** *See* Plaintiffs' Response #1. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. Mr. Sarkissian's testimony is probative as to the parties' agreement regarding compensation from EHI for the use of Plaintiffs' concept.  As to the remainder of the objection related to placing QR codes in rental cars and the other limited elements, *see* Plaintiffs' Response #8.

**OBJECTION 10.**  Page/Line:  161:1-162:20  (cited  Opp'n  at  20;  Counter-Stmt.,  ¶95);
Defendant's Objections:  Lack of Foundation (Fed. R. Evid. 602);
Speculation; Lack of Relevance (Fed. R. Evid. 402).

**PLAINTIFFS' RESPONSE:**  *See* Plaintiffs' Response #1.  As to Defendant's Relevance and Speculation Objections, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. Mr. Sarkissian's testimony is probative as to the status of the draft of the SRA prior to EHI's press release on November 8, 2011. As to Defendant's Foundation Objection, Mr. Sarkissian's testimony is based

on his personal knowledge that the negotiations of the terms of the SRA continued at least through October, and that the Letter of Intent ("LOI") sent in November could not be the agreement discussed among Mr. Sarkissian, Mr. Privitelli, and Mr. Morrell in October. (*See* EHI's response to Pls.' St. of Add. Fact #94; Defs.' Ex. 28) The remainder of Defendant's objection related to the unsigned SRA is inappropriate legal argument, not an evidentiary objection, and has been addressed in the parties' briefs.

**OBJECTION 11.** <u>Page/Line</u>: 162:6-8 (cited Opp'n at 20; Counter-Stmt., ¶95); <u>Defendant's Objection</u>: Lack of Relevance (Fed. R. Evid. 402).

**PLAINTIFFS' RESPONSE:** *See* Plaintiffs' Response #1. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. Mr. Sarkissian's testimony is probative as to the confidentiality of Plaintiffs' concept.

**OBJECTION 12.** <u>Page/Line</u>: 272:3-13 (cited Opp'n at 15; Counter-Stmt., ¶53); <u>Defendant's Objection</u>: Lack of Relevance (Fed. R. Evid. 402).

**PLAINTIFFS' RESPONSE:** *See* Plaintiffs' Response #1. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. Mr. Sarkissian's testimony is probative as to Mr. Sarkissian's belief regarding the confidentiality of Plaintiffs' concept and the steps by Plaintiffs to protect its confidentiality. Mr. Sarkissian is not an attorney and therefore cannot be expected to understand the implications of the copyright designation. Plaintiffs' concept was protected by the Non-Disclosure Agreement ("NDA").

**OBJECTION 13.** <u>Page/Line</u>: 277:8-14 (cited Opp'n at 9; Counter-Stmt., ¶13); <u>Defendant's Objection</u>: Lack of Relevance (Fed. R. Evid. 402).

**PLAINTIFFS' RESPONSE:** *See* Plaintiffs' Response #1. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*, and Plaintiffs' Responses #4 and 10.

**OBJECTION 14.** <u>Page/Line</u>: 298:8-12 (cited Opp'n at 9; Counter-Stmt., ¶13); <u>Defendant's Objections</u>: Lack of Relevance (Fed. R. Evid. 402); Legal Conclusion; Argument.

**PLAINTIFFS' RESPONSE:** *See* Plaintiffs' Response #1. As to Defendant's Relevance, Legal

Conclusion, and Argument Objections, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. Mr. Sarkissian's testimony is probative as to Mr. Sarkissian's understanding regarding EHI's motivation, an understanding supported by the evidence. As to the remainder of the objection related to marketing activities and QR codes, *see* Plaintiffs' Response #8.

### B.    Excerpts from Deposition of Rudy Privitelli (Ex. 3 to Wojnar-Raycraft Decl.)

**OBJECTION 15.**    <u>Page/Line</u>: 71:16-74:6, 76:18-20 (cited Opp'n at 3; Counter-Stmt., ¶39); <u>Defendant's Objections</u>: Misstates Testimony; Lack of Relevance (Fed. R. Evid. 402).

**PLAINTIFFS' RESPONSE:** Exhibit 3 is a true and correct copy of excerpts of the transcript of the deposition of Rudy Privitelli taken on March 22, 2012. As to Defendant's Misstates Testimony Objection, *see* Plaintiffs' discussion regarding same at p. 4, *supra*. Mr. Privitelli testified that the PowerPoints mentioned "mobile engagement," a reference to Plaintiffs' concept. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. Mr. Privitelli's testimony is probative as to the originality and confidentiality of Plaintiffs' concept. The remainder of Defendant's objection is inappropriate legal argument, not an evidentiary objection, and has been addressed in the parties' briefs.

**OBJECTION 16.**    <u>Page/Line</u>: 178:24-25 (cited Opp'n at 9; Counter-Stmt., ¶95); <u>Defendant's Objections</u>: Lack of Relevance (Fed. R. Evid. 402); Hearsay (Fed. R. Evid. 802); Lack of Foundation (Fed. R. Evid. 602); Speculation.

**PLAINTIFFS' RESPONSE:**    *See* Plaintiffs' Response #15. As to Defendant's Relevance and Speculation Objections, *see* Plaintiffs' discussion regarding same at p. 3, *supra*, and Plaintiffs' Response #4. As to Defendant's Foundation Objection, see Plaintiffs' Response #10. As to Defendant's Hearsay Objection, *see* Plaintiffs' discussion regarding same at pp. 4-5, *supra*. Mr. Privitelli's testimony is not hearsay because it is offered to prove that Jeff Morrell made the statement to Mr. Privitelli, not for the truth of the statement that EHI was going to sign an agreement with Plaintiffs (Fed. R. Evid. 801(c)); is excluded from the definition of hearsay as a statement by the opposing party's agent (Fed. R. Evid. 801(d)(2)(D)); and falls with the hearsay exceptions for present sense impression (Fed. R. Evid. 803(1)) or then existing state of mind (Fed. R. Evid. 803(3)).

**C.**     **Excerpts from Deposition of Jeffrey Morrell (Ex. 4 to Wojnar-Raycraft Decl.)**

**OBJECTION 17.**     Page/Line:     33:1-36:8(cited at Opp'n at 13; Counter-Stmt., ¶34); Defendant's Objections: Lack of Relevance (Fed. R. Evid. 402); Misstates Testimony.

**PLAINTIFFS' RESPONSE:**     Exhibit 4 is a true and correct copy of excerpts of the transcript of the deposition of Jeffrey Morrell taken on April 24, 2012.    As to Defendant's Misstates Testimony Objection, *see* Plaintiffs' discussion regarding same at p. 4, *supra*. Mr. Morrell's testimony confirmed a complete lack of familiarity with scannable codes, including QR Codes. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*, and Plaintiffs' Response #2.

**OBJECTION 18.**     Page/Line: 36:20-25; 45:19-25; 110:2-25 (cited at Opp'n at 13; Counter-Stmt., ¶33); Defendant's Objection: Misstates Testimony.

**PLAINTIFFS' RESPONSE:** *See* Plaintiffs' Response #17. As to Defendant's Misstates Testimony Objection, *see* Plaintiffs' discussion regarding same at p. 4, *supra*.    EHI's objection acknowledges that Mr. Morrell only referenced the use of QR Codes to provide renters information about operating the car. The remainder of Defendant's objection is inappropriate legal argument, not an evidentiary objection, and has been addressed in the parties' briefs.

**OBJECTION 19.**     Page/Line: 66:3-67:12 (cited Opp'n at 13; Counter-Stmt., ¶33); Defendant's Objections: Lack of Relevance (Fed. R. Evid. 402).

**PLAINTIFFS' RESPONSE:** *See* Plaintiffs' Response #17. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. Mr. Morrell's testimony is probative as to EHI's ignorance regarding the operation, properties, and uses of QR Codes. *See also* Plaintiffs' Responses #2 and #8. The remainder of Defendant's objection is inappropriate legal argument, not an evidentiary objection, and has been addressed in the parties' briefs.

**OBJECTION 20.**     Page/Line: 123:5-124:16 (cited at Opp'n at 13; Counter-Stmt., ¶34); Defendant's Objections: Lack of Relevance (Fed. R. Evid. 402).

**PLAINTIFFS' RESPONSE:**     *See* Plaintiffs' Response #17.    As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*, and Plaintiffs' Response #1. As to the remainder of Defendant's objection, *see* Plaintiffs' Response #8.

**OBJECTION 21.**   Page/Line: 182:3-186:17 (Opp'n at 16; Counter-Stmt., ¶58); Defendant's Objections: Lack of Relevance (Fed. R. Evid. 402); Misstates Testimony.

**PLAINTIFFS' RESPONSE:**   *See* Plaintiffs' Response #17. As to Defendant's Misstates Testimony Objection, *see* Plaintiffs' discussion regarding same at p. 4, *supra*. Mr. Morrell's testimony is confirmed in Pl.'s Ex. 10: 7/1/2011 Lombardo Email; Pl.'s Ex. 11: 7/1/2011 Perez Email; and Pl.'s Ex. 12: 7/8/2011 Perez Email. EHI presented Plaintiffs' mobile engagement concept to Mazda but never proposed one possible element: a third-party website. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. Mr. Morrell's testimony is probative as to EHI's plan to misappropriate Plaintiffs' concept for its own benefit while keeping Plaintiffs in the dark.  As to the remainder of Defendant's objection, *see* Plaintiffs' Response #8.

**OBJECTION 22.**   Page/Line: 188:2-189:13 (Opp'n at 6, Counter-Stmt., ¶16); Defendant's Objections: Misstates Testimony; Irrelevant (Fed. R. Evid. 402).

**PLAINTIFFS' RESPONSE:**   See Plaintiffs' Response #17. As to Defendant's Misstates Testimony Objection, *see* Plaintiffs' discussion regarding same at p. 4, *supra*. Mr. Morrell's testimony is confirmed in Pl.'s Ex. 15: 8/16/2011 Privitelli Email wherein Plaintiffs told Mr. Morrell it was flexible regarding the mobile website landing page and that Plaintiffs were willing to implement the mobile engagement concept in whatever fashion the OEMs desired. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. Mr. Morrell's testimony is probative as to the evolving decision-making process related to the destination website. As to the remainder of Defendant's objection, *see* Plaintiffs' Response #15.

**OBJECTION 23.**   Page/Line: 191-193, 236-38 (cited Counter-Stmt., ¶88); Defendant's Objections: Lack of Relevance (Fed. R. Evid. 402).

**PLAINTIFFS' RESPONSE:**   *See* Plaintiffs' Response #17.  As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*, and Plaintiffs' Responses #21 and #8.

**OBJECTION 24.**   Page/Line: 240:1-245:22 (Opp'n at 7; Counter- Stmt., ¶ 94); Defendant's Objections: Lack of Relevance (Fed. R. Evid. 402); Misstates Testimony.

**PLAINTIFFS' RESPONSE:**    See Plaintiffs' Response #17. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*, and Plaintiffs' Responses #4,

10. As to Defendant's Misstates Testimony Objection, *see* Plaintiffs' discussion regarding same at p. 4, *supra*. Mr. Morrell's testimony is confirmed in Pl.'s Ex. 18: 9/30/2011 Privitelli Email. Mr. Morrell testified that he and Mr. Privitelli agreed that the best way to "move forward" was to discuss the terms the parties could agree to rather than focusing on the negative. (Morrell Tr. at 239) Mr. Morrell testified that although he considered the first draft of the SRA to be "dead" (*Id.* at 243), he understood that there would be another draft of the SRA: "We [didn't] support the draft or the strategic agreement that they sent out, so on the call we had promised to send them a draft of what we can do." (*Id.* at 254, 244) Mr. Morrell stated that "[o]ne of the outcomes of the conference call with counsel was that we would prepare a document telling [SM] what we can do like I described earlier. We owed them a document." (*Id.* at 250)

**OBJECTION 25.** Page/Line: 244:1-258:25; 261:8- 262:4 (Opp'n at 21; Counter-Stmt., ¶95); Defendant's Objections: Lack of Relevance (Fed. R. Evid. 402); Rule of Completeness (Fed. R. Evid. 106); Misstates Testimony.

**PLAINTIFFS' RESPONSE:** See Plaintiffs' Response #17. As to Defendant's Misstates Testimony Objection, *see* Plaintiffs' discussion regarding same at p. 4, *supra*. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. *See also* Plaintiffs' Responses to #4, 10 and 24.

As to Defendant's Rule of Completeness Objection, Plaintiffs citations do, in fact, include the preceding and following deposition pages to which Defendant refers in its objection, and therefore the testimony is not misleading nor out of context. *U.S. v. Simms*, 385 F.3d 1347, 1359 (11th Cir. 2004) ("It is consistently held that the rule permits introduction only of additional material that is relevant and is necessary to qualify, explain, or place into context the portion already introduced."). Further, Judge Schofield's Individual Rule and Procedure requiring a judge's copy of all deposition transcripts in their entirety on CD prevents any inadvertent violation of the Rule.

**OBJECTION 26.** Page/Line: 256:14-258:20 (cited Opp'n at 7; Counter-Stmt., ¶13); Defendant's Objections: Lack of Relevance (Fed. R. Evid. 402); Misstates Testimony.

**PLAINTIFFS' RESPONSE:** *See* Plaintiffs' Response #17. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*, and Plaintiffs' Response #4.

As to Defendant's Misstates Testimony Objection, *see* Plaintiffs' discussion regarding same at p. 4, *supra*.  In his testimony, Mr. Morrell was clearly talking about OnRamp which was announced shortly after his conversation with the Plaintiffs.  As to the remainder of Defendant's objection, *see* Plaintiffs' Response #8.

### D.     Excerpts from Deposition of Nils von Zelowitz (Ex. 29 to Wojnar-Raycraft Decl.)

**OBJECTION 27.**   Page/Line: 93:5-15 (cited Opp'n at 13-14); Defendant's Objections: Misstates Testimony; Improper Expert Opinion (Fed. R. Evid. 702); Improper Legal Conclusion; Unsupported and Unreasonable Expert Opinion.

**PLAINTIFFS' RESPONSE:**   Exhibit 29 is a true and correct copy of excerpts of the transcript of the deposition of Plaintiffs' Mobile Marketing Expert Nils Erik von Zelowitz taken on November 15, 2012.  As to Defendant's Improper Expert Opinion, Improper Legal Conclusion, and Unsupported and Unreasonable Expert Opinion Objections, *see* Plaintiffs' discussion regarding same at pp. 5-10, *supra*.

As to Defendant's Misstates Testimony Objection, *see* Plaintiffs' discussion regarding same at p. 4, *supra*.  Mr. von Zelowitz testified that although some elements of Plaintiffs' mobile engagement concept were known to EHI prior to Plaintiffs' presentation of the concept, the notion of using QR Codes to facilitate mobile engagement between EHI customers and OEMs was Plaintiffs' original idea and constituted its confidential information: "I would agree simply that putting QR code on a key tag in a car when it was proposed in the Chrysler presentation was not confidential information of Sarkissian. I would opine that post the presentation of ABS, the launch of OnRamp, etc., etc., using a QR code to connect to a website, whether it was an Automatic website or an OEM website or, for that matter, an Enterprise website, is misuse of the confidentiality of the ABS idea." (von Zelowitz Tr. at 93) Mr. von Zelowitz also testified that employing one or more of the mechanical elements of SM's mobile engagement concept is immaterial to whether the concept as a whole is novel and confidential: "Sure, you can use that mechanic [a QR code in a rental car] any time you want. The question is what is that specific mechanic in the employ of in terms of a larger concept." (*Id.* at 102) In response to a question from EHI's counsel regarding "[w]hat, if anything, in the program as I just described it to you is a confidential idea of Sarkissian or Automatic's that wasn't contained in the Chrysler presentation of January 2011?" Mr. von Zelowitz cited "[t]he overarching concept. …as I said

before, all the mechanical elements were present. There was a QR code. There was a website. What's lacking is the overall ABS concept or a concept to bring all those together in a marketing program." (*Id.* at 113)

**OBJECTION 28.** Page/Line: 111:5-25 (cited Opp'n at 11; Counter-Stmt., ¶34); Defendant's Objections: Improper Expert Opinion (Fed. R. Evid. 702); Improper Legal Conclusion; Unsupported and Unreasonable Expert Opinion.

**PLAINTIFFS' RESPONSE:** *See* Plaintiffs' Response #27. As to Defendant's Improper Expert Opinion, Improper Legal Conclusion, and Unsupported and Unreasonable Expert Opinion Objections, *see* Plaintiffs' discussion regarding same at pp. 5-10, *supra*. EHI's objection misstates the nature of Plaintiffs' concept: it is not merely placing QR Codes in rental cars, but doing so to facilitate mobile engagement between renters and OEMs for the purpose of increasing car sales. Mr. von Zelowitz's opinion related to EHI's obligation to compensate Plaintiffs is within his area of expertise in the marketing industry. *See also* Plaintiffs' Response #8.

**OBJECTION 29.** Page/Line: 192:3-23 (cited Opp'n at 17; Counter-Stmt., ¶71c); Defendant's Objections: Lack of Relevance (Fed. R. Evid. 402); Improper Expert Opinion (Fed. R. Evid. 702); Misstates Testimony; Rule of Completeness (Fed. R. Evid. 106).

**PLAINTIFFS' RESPONSE:** *See* Plaintiffs' Response #27. As to Defendant's Improper Expert Opinion Objection, *see* Plaintiffs' discussion regarding same at pp. 5-10, *supra*. As to Defendant's Misstates Testimony Objection, *see* Plaintiffs' discussion regarding same at p. 4, *supra*. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. Mr. von Zelowitz's testified to the general definition of a trade secret (a central issue in this case) and to the meaning of trade secret within the mobile marketing industry. His opinions are not being offered regarding the legal elements of a misappropriation of trade secrets claim. As to Defendant's Rule of Completeness Objection, *see* Plaintiffs' Response #25.

**OBJECTION 30.** Page/Line: 207:1-6; 230:1-10; 233:4-15 (cited Opp'n at 13-14; Counter Stmt. ¶34); Defendant's Objections: Misstates Testimony; Improper Expert Opinion (Fed. R. Evid 702); Improper Legal Conclusion; Unsupported and Unreasonable Expert Opinion.

**PLAINTIFFS' RESPONSE:** *See* Plaintiffs' Response #27. As to Defendant's Improper

Expert Opinion, Improper Legal Conclusion, and Unsupported and Unreasonable Expert Opinion Objections, *see* Plaintiffs' discussion regarding same at pp. 5-10, *supra*. As to Defendant's Misstates Testimony Objection, *see* Plaintiffs' discussion regarding same at p. 4, *supra*. See also Plaintiffs' Response #27.

### E. Excerpts from Deposition of Paul Regan (Ex. 33 to Wojnar-Raycraft Decl.)

**OBJECTION 31.** Page/Line: 62:5-65:25; 153:1- 155:12; 176:2-20; 220:15-121:22 (cited Opp'n at 22; Counter-Stmt., ¶75); Defendant's Objections: Lack of Relevance (Fed. R. Evid. 402); Misstates Testimony.

**PLAINTIFFS' RESPONSE**: Exhibit 33 is a true and correct copy of excerpts of the transcript of the deposition of EHI's Rebuttal Damages Expert Paul Regan taken on January 11, 2013. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. Mr. Regan's testimony is probative as to the financial and other benefits to EHI from the OnRamp program, the revenues EHI stands to realize from OnRamp (the idea for which came from Plaintiffs), and Plaintiffs' damages.

As to Defendant's Misstates Testimony Objection, *see* Plaintiffs' discussion regarding same at p. 4, *supra*. Mr. Regan has testified that the OnRamp program is "a benefit to EHI" because it will help it to obtain more desirable cars for its fleet (Regan Tr. at 62-63, 153-155) and that OnRamp enhances EHI's relationship with the OEMs, which in turn "enables Enterprise to operate its business and implement its plans, **a part of which is likely to be maintaining and/or increasing revenues**." (*Id*. at 64, emphasis supplied, *see also id*. at 176) Mr. Regan also noted that OnRamp will lead to increased customer satisfaction and **more rentals** for EHI. (*Id*. at 62-64) EHI obtains its revenues primarily from car rentals. Mr. Regan opined that OnRamp will increase EHI's goodwill with its customers and that EHI's "goodwill is extremely important to [EHI's] ability to function competitively." (*Id*. at 66) It is axiomatic that EHI's success as a competitor equates with increased revenues. Mr. Regan further agreed that EHI's placement of banner advertisements for its Used Car Sales division on the OnRamp website is an effort to sell more of its used cars. (*Id*. at 67-69) EHI profits directly from its sales of used cars.

**OBJECTION 32.** Page/Line: 66:20-69:24 (cited Opp'n at 22; Counter-Stmt., ¶75); Defendant's Objection: Lack of Relevance (Fed. R. Evid. 402).

**PLAINTIFFS' RESPONSE:** *See* Plaintiffs' Response #31. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*, and Plaintiffs' Response #31.

### F.   Excerpts from Deposition of Christopher Hill (Ex. 37 to Wojnar-Raycraft Decl.)

**OBJECTION 33.**   Page/Line: 119:23 (cited Counter-Stmt., ¶58); Defendant's Objections: Lack of Relevance (Fed. R. Evid. 402); Rule of Completeness (Fed. R. Evid. 106).

**PLAINTIFFS' RESPONSE:**   Exhibit 37 is a true and correct copy of excerpts of the transcript of the deposition of Chris Hill taken on March 23, 2012.   As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*.   Mr. Hill's testimony is probative as to Mazda's potential consideration of a third-party website as one element of a mobile engagement program. As to Defendant's Rule of Completeness Objection, *see* Plaintiffs' Response #25.

### G.   Documentary Evidence

**OBJECTION 34.**   Exhibit to Wojnar-Raycraft Decl: Ex. 7, June 1, 2011 email (Depo. Ex. 117) (cited Opp'n at 4, 13; Counter Stmt., ¶81); Defendant's Objection: Lack of Relevance (Fed. R. Evid. 402)

**PLAINTIFFS' RESPONSE:**   Exhibit 7 is a true and correct copy of Deposition Exhibit 117, an email from Jeffrey Morrell to Michelle Franklin, assistant to Jim Runnels, EHI's Senior Vice President for Rental Vehicles, dated June 1, 2011, which was produced by EHI in this litigation, with the Bates numbers ENT00008200 to 8215 and authenticated in the deposition of Jeffrey Morrell at 145-155.  As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. The email is probative as to EHI's intention to misappropriate Plaintiffs' concept for its own use and benefit.  Mr. Morrell's failure to mention EHI's alleged January 2011 QR Code presentation is *prima facie* evidence that EHI did not develop Plaintiffs' concept before it was proposed to EHI by Plaintiffs. As to the remainder of Defendant's objection, *see* Plaintiffs' Response #8.

**OBJECTION 35.**   Exhibit to Wojnar-Raycraft Decl: Ex. 9, July 13, 2011 Agenda (Depo. Ex. 39) (cited Opp'n at 4; Counter Stmt., ¶ 46); Defendant's Objection: Lack of Relevance (Fed. R. Evid. 402).

**PLAINTIFFS' RESPONSE**: Exhibit 9 is a true and correct copy of Deposition Exhibit 39, an agenda of a meeting between EHI and Mazda, dated July 13, 2011, which was produced by EHI in this litigation, with the Bates numbers EHI000139 to 140 and authenticated in the depositions of Brenda Perez at 69-76 and Jeffrey Morrell at 183-184. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. The email is probative as to EHI's intention to misappropriate Plaintiffs' concept for its own use and benefit. As to the remainder of Defendant's objection, *see* Plaintiffs' Response #8.

**OBJECTION 36.**    Exhibit to Wojnar-Raycraft Decl: Ex. 10, July 1, 2011 email (Depo. Ex. 91) (cited Opp'n at 5, 13; Counter Stmt., ¶¶46, 85.); Defendant's Objection: Lack of Relevance (Fed. R. Evid. 402).

**PLAINTIFFS' RESPONSE**: Exhibit 10 is a true and correct copy of Deposition Exhibit 91, an email from Susan Lombardo to Jeffrey Morrell and others, dated July 1, 2011, which was produced by EHI in this litigation, with the Bates numbers ENT00009728, and authenticated in the deposition of Susan Lombardo at 90-91. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*, and Plaintiffs' Response #35.

**OBJECTION 37.**    Exhibit to Wojnar-Raycraft Decl: Ex. 11, July 1, 2011 email (Depo. Ex. 37) (cited Opp'n at 5; Counter Stmt., ¶¶46, 85.); Defendant's Objections: Hearsay (Fed. R. Evid. 802); Lack of Authentication (Fed R. Evid. 901).

**PLAINTIFFS' RESPONSE**:   Exhibit 11 is a true and correct copy of Deposition Exhibit 37, an email from Brenda Perez to Chris Hill and others, dated July 1, 2011, which was produced by non-party Mazda in this litigation pursuant to Plaintiffs' subpoena and authenticated in the depositions of Brenda Perez at 62-66; Chris Hill at 43-46; and Susan Lombardo at 77-78. *See also* Authentication discussion at p. 5, *supra*.

As to Defendant's Hearsay Objection, *see* Plaintiffs' discussion regarding same at pp. 4-5, *supra*. Ms. Perez's email is not hearsay because it is offered to prove that Susan Lombardo made the statement to Ms. Perez, not the truth of Ms. Lombardo's statement (Fed. R. Evid. 801(c)); is excluded from the definition of hearsay as a statement by the opposing party's agent (Fed. R. Evid. 801(d)(2)(D)); and falls with the hearsay exceptions for present sense impression (Fed. R. Evid. 803(1)) or then existing state of mind (Fed. R. Evid. 803(3)).

As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3,

*supra*. The email is probative as to when and what Ms. Perez understood regarding Plaintiffs' mobile engagement concept and as to EHI's misappropriation of SM's concept and EHI's concealment of that misappropriation.

**OBJECTION 38.** <u>Exhibit to Wojnar-Raycraft Decl</u>: Ex. 12, July 8, 2011 email (Depo. Ex. 38) (cited Opp'n at 5, 15; Counter Stmt., ¶¶ 46b, 85- 86.); <u>Defendant's Objections</u>: Hearsay (Fed. R. Evid. 802); Lack of Relevance (Fed. R. Evid. 402); Lack of Authentication (Fed R. Evid. 901).

**PLAINTIFFS' RESPONSE**:   Exhibit 12 is a true and correct copy of Deposition Exhibit 38, an email from Chris Hill to Brenda Perez, dated July 8, 2011, which was produced by non-party Mazda in this litigation pursuant to Plaintiffs' subpoena, and authenticated in the depositions of Brenda Perez at 66-69 and Chris Hill at 46-48. *See also* Authentication discussion at p. 5, *supra*. As to Defendant's Hearsay Objection, *see* Plaintiffs' discussion regarding same at pp. 4-5, *supra*, and Plaintiff's Response #37.  As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*, and Plaintiff's Response #37. The remainder of Defendant's objection is inappropriate legal argument, not an evidentiary objection, and has been addressed in the parties' briefs.

**OBJECTION 39.** <u>Exhibit to Wojnar-Raycraft Decl</u>: Ex. 14, Rogers Townsend Agreement (Depo. Ex. 104) (cited Opp'n at 5.); <u>Defendant's Objection</u>: Lack of Relevance (Fed. R. Evid. 402).

**PLAINTIFFS' RESPONSE:**   Exhibit 14 is a true and correct copy of Deposition Exhibit 104, the Confidentiality Agreement between EHI & Rogers Townsend LLC, dated July 5, 2011, which was produced by EHI in this litigation, with the Bates numbers ENT00012318-21, and authenticated in the deposition of John Howell at 55-56. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. The Agreement is probative as to EHI's retention of another agency to misappropriate and implement Plaintiffs' mobile engagement concept and EHI's efforts to conceal its actions.

**OBJECTION 40.** <u>Exhibit to Wojnar-Raycraft Decl</u>: Ex. 15, August 16, 2011 email (Depo. Ex. 23) (cited Opp'n at 6; Counter Stmt., ¶¶16, 43, 91.); <u>Defendant's Objection</u>: Misstates Evidence.

**PLAINTIFFS' RESPONSE:**   Exhibit 15 is a true and correct copy of Deposition Exhibit 23,

an email from Rudy Privitelli to Jeffrey Morrell, dated August 16, 2011, which was produced by EHI in this litigation, with the Bates numbers EHI000289-90, and authenticated in the depositions of Rudy Privitelli at 142-144 and Jeffrey Morrell at 197-200. As to Defendant's Misstates Testimony Objection, *see* Plaintiffs' discussion regarding same at p. 4, *supra*. Mr. Privitelli's email speaks for itself and establishes that Plaintiffs were flexible regarding whether QR Codes would like directly to OEM websites or to a third party website.

**OBJECTION 41.** Exhibit to Wojnar-Raycraft Decl: Ex. 18, Sept. 30, 2011 email (Depo. Ex. 70) (cited Opp'n at 7; Counter Stmt., ¶ 94.); Defendant's Objections: Hearsay (Fed. R. Evid. 802); Misstates Evidence.

**PLAINTIFFS' RESPONSE:** Exhibit 18 is a true and correct copy of Deposition Exhibit 70, an email from Rudy Privitelli to Patrick Sarkissian, dated September 30, 2011, which was produced by Plaintiffs in this litigation, with the Bates numbers SM000493-94, and authenticated in the deposition of Patrick Sarkissian at 79-81. As to Defendant's Hearsay Objection, *see* Plaintiffs' discussion regarding same at pp. 4-5, *supra*. The email falls within the exception to the hearsay rule as a statement of a present sense impression (Fed. R. Evid. 803(1)) or of existing state of mind (Fed. R. Evid. 803(3)). As to Defendant's Misstates Testimony Objection, *see* Plaintiffs' discussion regarding same at p. 4, *supra*. The email speaks for itself and clearly references the SRA. The remainder of Defendant's objection is inappropriate legal argument, not an evidentiary objection, and has been addressed in the parties' briefs.

**OBJECTION 42.** Exhibit to Wojnar-Raycraft Decl: Ex. 19, Oct. 10, 2011 email (Depo. Ex. 118) (cited Opp'n at 7; Counter Stmt., ¶ 95.); Defendant's Objections: Lack of Relevance (Fed. R. Evid. 402); Misstate Evidence.

**PLAINTIFFS' RESPONSE:** Exhibit 19 is a true and correct copy of Deposition Exhibit 118, an email from Jeffrey Morrell to Rudy Privitelli, dated October 10, 2011, which was produced by EHI in this litigation, with the Bates number EHI000190, and authenticated in the deposition of Jeffrey Morrell at 254-256. As to Defendant's Misstates Testimony Objection, *see* Plaintiffs' discussion regarding same at p. 4, *supra*. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. The email speaks for itself and the testimony of Mr. Privitelli and Mr. Morrell confirms that the negotiations of the terms of the SRA continued at least through October, and that the LOI sent in November was not the agreement discussed

between Mr. Sarkissian, Mr. Privitelli, and Mr. Morrell in October. The LOI alleged by EHI is irrelevant to the SRA. (*See* EHI's Resp. to Pls.' St. of Add. Fact #94; Defs.' Ex. 28) *See also* Plaintiffs' Response #4. The remainder of Defendant's objection is inappropriate legal argument, not an evidentiary objection, and has been addressed in the parties' briefs.

**OBJECTION 43.**   Exhibit to Wojnar-Raycraft Decl: Ex. 20, Nov. 1, 2011 email (cited Opp'n at 7; Counter Stmt., ¶95); Defendant's Objections: Hearsay (Fed. R. Evid. 802); Lack of Relevance (Fed. R. Evid. 402); Lack of Authentication (Fed R. Evid. 901); Misstate Evidence.

**PLAINTIFFS' RESPONSE:**   Exhibit 20 is a true and correct copy of an email from Rudy Privitelli to Jeffrey Morrell, dated November 1, 2011, which was produced by Plaintiffs in this litigation, with the Bates number SM000432, and will be authenticated by Rudy Privitelli and/or Jeffrey Morrell at trial. *See also* Authentication discussion at p. 5, *supra*. As to Defendant's Hearsay Objection, *see* Plaintiffs' discussion regarding same at pp. 4-5, *supra*. The email is excluded from the definition of hearsay as a statement by the opposing party's agent (Fed. R. Evid. 801(d)(2)(D)); and falls with the hearsay exceptions for present sense impression (Fed. R. Evid. 803(1)) or then existing state of mind (Fed. R. Evid. 803(3)). As to Defendant's Misstates Testimony Objection, *see* Plaintiffs' discussion regarding same at p. 4, *supra*. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. The email is probative as to Mr. Morrell's and Mr. Privitelli's belief as to the status of the SRA. *See also* Plaintiffs' Responses #4 and 42. The remainder of Defendant's objection is inappropriate legal argument, not an evidentiary objection, and has been addressed in the parties' briefs.

**OBJECTION 44.**   Exhibit to Wojnar-Raycraft Decl: Ex. 21, Nov. 1, 2011 email (Depo. Ex. 119) (cited Opp'n at 7; Counter Stmt., ¶ 95); Defendant's Objections: Lack of Relevance (Fed. R. Evid. 402); Lack of Authentication (Fed R. Evid. 901); Misstates Evidence.

**PLAINTIFFS' RESPONSE:**   Exhibit 21 is a true and correct copy of Deposition Exhibit 119, an email from Jeffrey Morrell to Patrick Sarkissian, dated November 1, 2011, which was produced by Plaintiffs in this litigation, with the Bates number SM000325, and authenticated in the deposition of Jeffrey Morrell at 257-258. *See also* Authentication discussion at p. 5, *supra*. As to Defendant's Misstates Testimony Objection, *see* Plaintiffs' discussion regarding same at p. 4, *supra*. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p.

3, *supra*. *See also* Plaintiffs' Responses #4 and 42.


**OBJECTION 45.**   Exhibit to Wojnar-Raycraft Decl: Ex. 22, Nov. 7, 2011 email (Depo. Ex. 28) (cited Opp'n at 8; Counter Stmt., ¶95); Defendant's Objections: Lack of Relevance (Fed. R. Evid. 402); Lack of Authentication (Fed R. Evid. 901); Misstates Evidence.

**PLAINTIFFS' RESPONSE**:   Exhibit 22 is a true and correct copy of Deposition Exhibit 28, an email from Jeffrey Morrell to Rudy Privitelli, dated November 7, 2011, which was produced by Plaintiffs in this litigation, with the Bates numbers SM000423-24, and authenticated in the deposition of Rudy Privitelli at 176-178.   *See also* Authentication discussion at p. 5, *supra*. As to Defendant's Misstates Testimony Objection, *see* Plaintiffs' discussion regarding same at p. 4, *supra*.  As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. *See also* Plaintiffs' Responses #4 and 42.


**OBJECTION 46.**   Exhibit to Wojnar-Raycraft Decl: Ex. 24, Nov. 10, 2011(Depo. Ex. 120) (cited Opp'n at 8; Counter Stmt., ¶95); Defendant's Objections: Lack of Relevance (Fed. R. Evid. 402); Lack of Authentication (Fed R. Evid. 901); Misstates Evidence.

**PLAINTIFFS' RESPONSE:**   Exhibit 24 is a true and correct copy of Deposition Exhibit 120, an email from Jeffrey Morrell to Rudy Privitelli, dated November 10, 2011, which was produced by Plaintiffs in this litigation, with the Bates numbers SM000348, and authenticated in the deposition of Jeffrey Morrell at 266-267.   *See also* Authentication discussion at p. 5, *supra*. As to Defendant's Misstates Testimony Objection, *see* Plaintiffs' discussion regarding same at p. 4, *supra*.  As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. *See also* Plaintiffs' Responses #4 and 42.


**OBJECTION 47.**   Exhibit to Wojnar-Raycraft Decl: Ex. 30, von Zelowitz report, p. 6-7 (Depo. Ex. 128) (cited Opp'n at 12; Counter Stmt., ¶ 71b); Defendant's Objections: Hearsay (Fed. R. Evid. 802); Unsupported and Unreasonable Expert Opinion.

**PLAINTIFFS' RESPONSE:**   Exhibit 30 is a true and correct copy of Deposition Exhibit 128, the Expert Report of Nils von Zelowitz, dated November 8, 2012, which was produced by Plaintiffs in this litigation and authenticated in the deposition of Nils von Zelowitz at 9-10.   As to Defendant's Hearsay Objection and Unsupported and Unreasonable Expert Opinion

Objection, *see* Plaintiffs' discussion regarding same at pp. 5-10, *supra*. As to Mr. von Zelowitz's opinions on pp. 6-7 of his Report, they are appropriate and admissible expert opinions supported by the admissible evidence cited in his Report.

**OBJECTION 48.**    Exhibit to Wojnar-Raycraft Decl: Ex. 30, von Zelowitz report, p. 9 (Depo. Ex. 128) (cited Opp'n at 16; Counter Stmt., ¶43); Defendant's Objections: Lack of Relevance (Fed. R. Evid. 402); Hearsay (Fed. R. Evid. 802); Speculation; Improper Expert Opinion (Fed. R. Evid. 702); Unsupported and Unreasonable Expert Opinion.

**PLAINTIFFS' RESPONSE**:    *See* Plaintiffs' Response #47. As to Defendant's Hearsay, Improper Expert Opinion and Unsupported and Unreasonable Expert Opinion Objections, *see* Plaintiffs' discussion regarding same at pp. 5-10, *supra*. As to Defendant's Relevance and Speculation Objections, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. As to Mr. von Zelowitz's opinions on p. 9 of his Report, they are appropriate and admissible expert opinions supported by the admissible evidence cited in his Report. The remainder of Defendant's Objection constitutes inappropriate legal argument, not an evidentiary objection, and has been addressed in the parties' briefs.

**OBJECTION 49.**    Exhibit to Wojnar-Raycraft Decl: Ex. 30, von Zelowitz report, p. 10 (Depo. Ex. 128) (cited Opp'n at 11); Defendant's Objections: Hearsay (Fed. R. Evid. 802); Improper Legal Conclusion; Improper Expert Opinion (Fed. R. Evid. 702); Unsupported and Unreasonable Expert Opinion.

**PLAINTIFFS' RESPONSE:**    *See* Plaintiffs' Response #47. As to Defendant's Hearsay, Improper Expert Opinion, Improper Legal Conclusion, and Unsupported and Unreasonable Expert Opinion Objections, *see* Plaintiffs' discussion regarding same at pp. 5-10, *supra*. As to Mr. von Zelowitz's opinions on p. 10 of his Report, they are appropriate and admissible expert opinions supported by the admissible evidence cited in his Report. Mr. von Zelowitz is not usurping the role of the trier of fact, but merely opining on the central factual issues based on his expertise in the mobile marketing industry.

**OBJECTION 50.**    Exhibit to Wojnar-Raycraft Decl: Ex. 30, von Zelowitz report, p. 12 (Depo. Ex. 128) (cited Opp'n at 13, 18; Counter Stmt., ¶71b, 81); Defendant's Objections: Hearsay (Fed. R. Evid. 802); Improper Expert Opinion (Fed R. Evid. 702); Unsupported and Unreasonable Expert Opinion.

**PLAINTIFFS' RESPONSE:** *See* Plaintiffs' Response #47. As to Defendant's Hearsay, Improper Expert Opinion, and Unsupported and Unreasonable Expert Opinion Objections, *see* Plaintiffs' discussion regarding same at pp. 5-10, *supra*, and Plaintiffs' Response #49.

**OBJECTION 51.** Exhibit to Wojnar-Raycraft Decl: Ex. 30, von Zelowitz report, p. 12-13 (Depo. Ex. 128) (cited Opp'n at 12; Counter Stmt., ¶71b); Defendant's Objections: Hearsay (Fed. R. Evid. 802); Improper Expert Opinion (Fed. R. Evid. 702); Unsupported and Unreasonable Expert Opinion.

**PLAINTIFFS' RESPONSE:** *See* Plaintiffs' Response #47. As to Defendant's Hearsay, Improper Expert Opinion, and Unsupported and Unreasonable Expert Opinion Objections, *see* Plaintiffs' discussion regarding same at pp. 5-10, *supra*, and Plaintiffs' Response #49.

**OBJECTION 52.** Exhibit to Wojnar-Raycraft Decl: Ex. 30, von Zelowitz report, p. 13 (Depo. Ex. 128) (cited Opp'n at 19; Counter Stmt., ¶71b); Defendant's Objections: Hearsay (Fed. R. Evid. 802); Improper Legal Conclusion; Lack of Relevance (Fed. R. Evid. 402); Unsupported and Unreasonable Expert Opinion.

**PLAINTIFFS' RESPONSE:** See Plaintiffs' Response #47. As to Defendant's Hearsay, Improper Legal Conclusion, and Unsupported and Unreasonable Expert Opinion Objections, *see* Plaintiffs' discussion regarding same at pp. 5-10, *supra*. As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*, and Plaintiffs' Response #49.

**OBJECTION 53.** Exhibit to Wojnar-Raycraft Decl: Ex. 31, "Demonstrative Exhibit" of January 2011 Presentation with notes from opposing counsel (cited Opp'n at 13; Counter Stmt., ¶81); Defendant's Objections: Inadmissible "Demonstrative Exhibit"; Lack of Relevance (Fed. R. Evid. 402).

**PLAINTIFFS' RESPONSE:** Exhibit 31 is a copy of a single page of Deposition Exhibit 68, which was a PowerPoint presentation entitled "Chrysler Vehicle Marketing: Chrysler-Dodge-Jeep, January 2011," produced by EHI in this litigation, with the Bates numbers ENT00016293-308, and authenticated in the Declarations of John Howell at ¶21 and Susan Lombardo at ¶18. *See also* Plaintiffs' discussion regarding relevancy at p. 3, *supra*.

This demonstrative exhibit is not intended as evidence, but rather as an illustration of the arguments in Plaintiffs' Opposition Brief: the January 2011 Chrysler presentation proves that EHI was never able to collect the individual elements into Plaintiffs' mobile engagement concept

on its own before it was proposed by Plaintiffs.  Defendant's reliance on *Tindal v. H & S Homes, LLC,* 2012 WL 174813 *5 (M.D.Ga. Jan. 20, 2012), is faulty as that court denied defendants' motion to strike, finding that "The factual allegations [in the demonstrative exhibit at issue] were supported by other evidence, and the exhibit itself is not evidence."  Defendant's  reliance on *Miccosukee Tribe of Indians of Fla. v U.S.,* 2008 WL 2967654 *3 n.4 (S.D.Fla. July 29, 2008), is also faulty because that court noted that while it "accept[ed] all of the presentations, and supporting exhibit books, for 'demonstrative purposes,' [it] do[es] not rely on the extraneous information contained [in those materials] in reaching [its] findings and conclusions." *Miccosukee*, 2008 WL 2967654, at *3 n.4.  Indeed, if Plaintiffs intend to introduce Exhibit 31 into evidence at trial, it would be allowed to do so long as it is properly verified and shown to be reasonably accurate, correct, relevant, and able to assist a jury in understanding testimony.  *See* Fed. R. Evid. 401 through 403; *see also Cohen v. Kindlon,* 366 F.2d. 762, 763-64 (2d. Cir. 1966) (a sketch of the position of cars at the time of an accident was properly admitted to illustrate the testimony of a witness who was familiar with the area and could testify to its accuracy).

**OBJECTION 54.**  <u>Exhibit to Wojnar-Raycraft Decl</u>: Ex. 32, Kohn report, p. 1-7, 9-13 (Depo. Ex. 134) (cited Opp'n at 21; Counter Stmt., ¶¶71a, 71d); <u>Defendant's Objections</u>: Hearsay (Fed. R. Evid. 802); Improper Expert Opinion (Fed. R. Evid. 702); Unsupported and Unreasonable Expert Opinion.

**PLAINTIFFS' RESPONSE:** Exhibit 32 is a true and correct copy of Deposition Exhibit 134, the Expert Report of Mauricio Kohn,[4] dated November 9, 2012, which was produced by Plaintiffs in this litigation and authenticated in the deposition of Mr. Kohn at 12:21-25; 29:8-14. As to Defendant's Hearsay, Improper Expert Opinion and Unsupported and Unreasonable Expert Opinion Objections, *see* Plaintiffs' discussion regarding same at pp. 5-10, *supra*, and Plaintiffs' Response #49.   Moreover, Mr. Kohn's statements regarding the facts are intended to detail the information and evidence upon which he relied in formulating his opinion, not to argue a particular version of disputed facts.

**OBJECTION 55.**  <u>Exhibit to Wojnar-Raycraft Decl</u>: Ex. 32, Kohn report, p. 14 (Depo. Ex. 134) (cited Opp'n at 23; Counter Stmt., ¶¶71a, 71d); <u>Defendant's Objections</u>: Hearsay (Fed. R. Evid. 802); Improper Legal Conclusion.

---

[4] Defendant's Objections # 54 and 55 mistakenly refer to Plaintiff's expert as "Mr. von Kohn."

**PLAINTIFFS' RESPONSE:**　　See Plaintiffs' Response #54.  As to Defendant's Hearsay and Improper Legal Conclusion Objections, *see* Plaintiffs' discussion regarding same at pp. 5-10, *supra*, and Plaintiffs' Responses #49 and 54.

**OBJECTION 56.**　　Exhibit to Wojnar-Raycraft Decl: Ex. 34, Nov. 16, 2012 Memo (Depo. Ex. 151) (cited Opp'n at 22); Defendant's Objections: Lack of Relevance (Fed. R. Evid. 402); Misstates Evidence; Lack of Authentication (Fed R. Evid. 901).

**PLAINTIFFS' RESPONSE:**　　Exhibit 34 is a true and correct copy of Deposition Exhibit 151, Mazda Memo to All Mazda Dealers, dated November 16, 2012, which was produced by EHI in this litigation with the bates number ENT00019044 and could be authenticated by Susan Lombardo and/or Jeffrey Morrell at trial.  *See also* Authentication discussion at p. 5, *supra*. As to Defendant's Misstates Testimony Objection, *see* Plaintiffs' discussion regarding same at p. 4, *supra*.  As to Defendant's Relevance Objection, *see* Plaintiffs' discussion regarding same at p. 3, *supra*. The memo is probative as to Plaintiffs' damages.

## V.　　RELIEF REQUESTED

Based on the foregoing and Rule 56(c)(2), Plaintiffs respectfully request that this Court overrule each and every one of Defendant's Objections.

Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

　　　　/s/ Kevin F. O'Shea
Kevin F. O'Shea
Melissa Wojnar-Raycraft
950 West University Drive Ste. 300
Rochester, MI 48073
Dated:  May 10, 2013　　　　　　　248-841-2200

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 10, 2013, I filed the foregoing document using the electronic filing system which will serve all parties of record.

_____/s/ Kevin F. O'Shea_____
Kevin F. O'Shea
950 West University Drive Ste. 300
Rochester, MI 48073
248-841-2200
